UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALI BADR,<br><br>         Plaintiff,<br><br>    v.<br><br>CITY OF SAN RAMON ET AL.,<br><br>         Defendants. | Case No.  4:21-cv-09575-YGR<br><br>**ORDER REQUESTING FURTHER BRIEFING** |

Before the Court is city and law enforcement defendants'[1] (hereinafter, the "settling defendants") motion for determination of good faith settlement with plaintiff Ali Badr.  (Dkt. No. 96.)  The motion is opposed by defendants John Blomeke and Carmommy Rentals (hereinafter collectively referred to as "Carmommy").  (Dkt. No. 97.)

The Court requires further briefing on the question of allocation.  Settling defendants argue that they do not need to make a showing of allocation, because there is only one plaintiff.  They seem to indicate that any further questions about allocation should be addressed after trial.  Carmommy argues that a more detailed allocation of damages, not just by plaintiff, but by claim, is required.  In reply, settling defendants do not address whether they are required to allocate settlement funds amongst the various settled claims.  This Court generally takes failure to respond to a clearly raised argument as a concession.  *Reyes v. Wells Fargo Bank*, No. EDCV 17-909-JFW(KKX), 2017 WL 11568871, at *4 (C.D. Cal. Aug. 17, 2017) (collecting cases finding same).  Further, Carmommy's position appears to have merit.  In the interest of judicial economy, the Court requests further briefing on this issue.

The California Court of Appeal has stated that, in addition to allocating the settlement

---

[1] These defendants are City of San Ramon, City of San Ramon Police Chief Craig Stevens, and San Ramon police officers John Cattolico, Leysy Pelayo, Eric Van Scoy, Kyle Leano, Keith Testerman, Sean Allen, and Kevin Giovannoni.

funds amongst plaintiffs, the Court must consider "whether allocations of the settlement proceeds to *discrete causes of action* have been made in good faith." *L. C. Rudd & Son, Inc. v. Superior Ct.*, 52 Cal. App. 4th 742, 748 (1997) (emphasis supplied). Specifically, "[w]here there are multiple defendants, each having potential liability for different areas of damage, an allocation of the settlement amount must be made." *Id.*; *see also Veolia Nuclear Sols., Inc. v. Tran*, No. CV199339FMOJPRX, 2020 WL 13584505, at *4 (C.D. Cal. July 20, 2020) (finding such allocation not required where all defendants liable for all plaintiff's alleged losses). "Failure to do so may preclude a "good faith" determination because there is no way to determine the appropriate set off pursuant to section 877 against the nonsettling defendant." *Rudd*, 52 Cal.App. 4th at 748 (citations omitted). "It is the burden of the settling parties to explain to the court and to all other parties the evidentiary basis for any allocations and valuations made sufficient to demonstrate that a reasonable allocation was made." *Id; see also Dillingham Const., N.A., Inc. v. Nadel P'ship, Inc.*, 64 Cal. App. 4th 264, 282 (1998) ("*Alcal, Erreca's* and *Regan Roofing* all agree that the settling parties *must* include an allocation or a valuation of the various claims in their settlement agreement in order to obtain a finding of good faith . . . in the context of partial settlements where the plaintiffs intend[] to go forward with their claims against nonsettling defendants.").

Settling defendants shall file additional briefing of no more than five pages addressing allocation by **Wednesday, July 19, 2023**. Carmommy shall respond **seven days thereafter**. The Court VACATES the hearing set for Tuesday, July 18, 2023, to be reset, if needed, by the Court after briefing is complete.

IT IS SO ORDERED.

Dated: July 14, 2023

YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT COURT JUDGE